UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| AMANDA VINOVA, | ) | |
| | ) | |
| Plaintiff, | ) | Civ. No: 15-37-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| HENRY COUNTY BOARD | ) | **MEMORANDUM** |
| OF EDUCATION, | ) | **ORDER** |
| TIM ABRAMS, | ) | **&** |
| KRICKET MCCLURE, | ) | **OPINION** |
| ERIC A. DAVIS, and | ) | |
| NEW CASTLE ELEMENTARY | ) | |
| SCHOOL, | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Amanda Vinova taught fourth grade at New Castle Elementary in Henry County, Kentucky, during the 2010-2014 school years. One day prior to Vinova's reaching tenure, she was terminated from her position. Subsequently, Vinova brought suit against the Henry County School Board, New Castle Elementary School, the Superintendent, Assistant Superintendent, and the Principal of New Castle, alleging violations of 42 U.S.C. § 2000d (Title VI), KRS § 344.040, Title VII, and Title IX. Presently before the Court is the Motion to Dismiss filed by all Defendants except the Henry County Board of Education. For the reasons set forth below, the Defendants' motion will be GRANTED.

**I**

Vinova's Complaint alleges that she was discriminated against, ostracized, and directly retaliated against due to her same-sex marriage to her partner Ms. Lauren Hale in 2013, in

violation of 42 U.S.C. § 2000d (Title VI), KRS § 344.040, Title VII, and Title IX.  Specifically, Vinova alleges that her wedding engagement was omitted from New Castle Elementary's announcements even though Ms. Hale sent the notification to the interim principal and the announcements included all other faculty members who were getting married that year. [R. 1-1 at ¶¶ 3-4.]  Vinova also alleges that the school required her to submit new social security cards in order to have her married name listed on her name plate even though no other faculty member was required to do the same to verify their new married names.  [*Id*. at ¶ 5.]  Vinova further alleges that in May of 2014 she "was deliberately omitted" from the school's website for her contributions to a nationally recognized Energy Team Project even though the project originally was Vinova's idea.  [*Id*. at ¶ 6.]  Also in May 2014, Vinova was terminated from her position at New Castle Elementary, one day prior to her reaching tenure with Henry County Public Schools.  [*Id*. at ¶7.]  Vinova alleges that the reason given for her termination was "budget cuts," and that no other teaching roles were offered to her even though they were available and she was well-qualified for them.  [*Id*.]  Despite her termination, Vinova saw that a first-grade teaching position was available that same month, and although she applied for the position she was never contacted for an interview.  [*Id*. at ¶ 8.]  The Complaint alleges that all these actions constituted a direct and intentional disparity in treatment and were taken in direct retaliation against her due to her sexual orientation and her same-sex marriage.

     Vinova originally brought suit in Henry County Circuit Court, and Defendants properly removed the case to federal court.  [R. 1.]  This Court has jurisdiction over this case pursuant to its subject matter jurisdiction under 28 U.S.C. §1331 because of the allegations concerning violations of the federal statutes mentioned above.

**II**

**A**

In a motion to dismiss pursuant to Rule 12(b)(6), "[t]he defendant has the burden of showing that the plaintiff has failed to state a claim for relief." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991)). When reviewing a Rule 12(b)(6) motion, the Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all reasonable inferences in favor of the plaintiff." *Id*. (citation omitted). Such a motion "should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (quoting *Ricco v. Potter*, 377 F.3d 599, 602 (6th Cir. 2004)).

The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). Moreover, the facts that are pled must rise to the level of plausibility, not just possibility – "facts that are merely consistent with a defendant's liability . . . stop[ ] short of the line between possibility and plausibility." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). According to the Sixth Circuit, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Thus, to survive a motion to dismiss, the plaintiff must at least "provide the grounds of his entitlement to relief, [which] requires more than labels and conclusions. . . ." *Twombly*, 550 U.S. at 555 (internal citations and quotation marks omitted).

**B**

Defendants'[1] motion to dismiss is primarily based on their argument that Vinova's claims cannot be brought against the individual defendants or against New Castle Elementary School as an entity.

**1**

Count 1 of Vinova's Complaint alleges violations of 42 U.S.C. § 2000d, also known as "Title VI," because Defendants subjected her to "disparity of participation" and to "harassment and reprisal" that were "solely due to her sexual orientation and same-sex marriage." [R. 1-1 at 5.] That statute states that "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. Defendants correctly point out that claims under Title VI cannot be brought against private individuals. [R. 5-1 at 2-3.] Although private individuals may sue to enforce Title VI, individuals generally cannot be held liable for violations of Title VI because it applies only to entities receiving federal funding. *See Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1169 (11th Cir. 2003); *Whitfield v. Notre Dame Middle Sch.*, 412 F. App'x 517, 521 (3d Cir. 2011) ("Individual liability may not be asserted under Title VI."); *Farm Labor Organizing Committee v. Ohio State Highway Patrol*, 95 F. Supp. 2d 723, 741 (N.D. Ohio 2000) ("The proper defendant in a Title VI case is an entity rather than an individual.") (citations omitted); *Miller v. Royal Manor Health Care, Inc.*, 2006 WL 2666427, *4 (N.D. Ohio, Sept. 14, 2006) ("Claims under Title VI cannot be asserted against individual defendants.") (collecting cases). A "threshold

---

[1] The Court refers to "Defendants" in this Order as a matter of convenience while acknowledging that the term does not include Henry County Board of Education unless otherwise specified, since the Motion to Dismiss addressed herein was filed by the other defendants and not by the Board of Education.

requirement" for bringing a private right of action under Title VI is proof that the program from which plaintiff was excluded receives federal financial assistance, and the Sixth Circuit has dismissed claims when a plaintiff brings suit against individuals instead of the entity allegedly receiving such financial assistance. *See Buchanan v. City of Bolivar, Tenn.*, 99 F.3d 1352, 1356 (6th Cir. 1996); *see also Jackson v. Katy Independent School Dist.*, 951 F. Supp. 1293, 1298 (S.D. Tex. 1996) (dismissing plaintiffs' claims against the school principal in his individual capacity "[b]ecause the proper defendant in a Title VI case is an entity rather than an individual").

Vinova does not dispute this fact, as she does not even address the issue in her response brief. When a plaintiff "fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion." *Scott v. Tennessee*, 878 F.2d 382, 1989 WL 72470, at *2 (6th Cir. 1989) (unpublished table decision); *see also Humphrey v. U.S. Attorney General's Office*, 279 Fed. Appx. 328, 331 (6th Cir. 2008) (finding that a plaintiff's failure to oppose arguments raised in defendants' motion to dismiss is grounds for the district court to assume that opposition to the motion is waived); *Wesley v. Rigney*, 913 F. Supp. 2d 313, 330 (E.D. Ky. 2012) (dismissing plaintiff's claim when plaintiff waived opposition to defendant's motion to dismiss by failing to respond to arguments raised in the motion). Although the Court should not automatically dismiss the claim without at least ensuring that the moving party has met its burden under the Federal Rules, *see Carver v. Bunch*, 946 F.2d 451, 453-54 (6th Cir. 1991), as explained above, Vinova cannot bring a Title VI claim against the individual defendants, and accordingly those claims will be dismissed.

2

Similarly, Defendants contend that Vinova's claims under KRS § 344.040 and Title VII also cannot be brought against individuals. [R. 5-1 at 4-5.] KRS § 344.040 is a portion of the Kentucky Civil Rights Act, and states that it "is an unlawful practice for an employer "[t]o fail or refuse to hire, or to discharge any individual, or otherwise to discriminate against an individual with respect to compensation, terms, conditions, or privileges of employment, because of the individual's race, color, religion, national origin, sex, age forty (40) and over, …." KRS § 344.040(a). The statute also states that employers may not "limit, segregate, or classify employees in any way which would deprive or tend to deprive an individual of employment opportunities or otherwise adversely affect status as an employee" because of the above characteristics. KRS § 344.040(b). Because KRS Chapter 344 mirrors the federal Title VII, and because its general purpose "is to provide a means for implementing within the state the policies embodied in Title VII . . . it is common practice to look to the federal counterpart in construing KRS Chapter 344." *Wathen v. General Elec. Co*., 115 F.3d 400, 408, n.5 (6th Cir. 1997); *see also Palmer v. Inter'l Ass'n of Machinists*, 882 S.W.2d 117, 119 (Ky. 1994).

Upon recognition that the majority of circuits and of district courts within the Sixth Circuit have rejected the concept of individual liability under Title VII, the Sixth Circuit also has held that "an individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII." *Wathen*, 115 F.3d at 404-05; *see also Griffin v. Finkbeiner*, 689 F.3d 584, 600 (6th Cir. 2012) ("An individual cannot be held personally liable for violations of Title VII.") (citing *Wathen*, 115 F.3d at 405); *Akers v. Alvey*, 338 F.3d 491, 500 (6th Cir. 2003) (recognizing *Wathen v. General Electric* as controlling authority for the principle that Title VII does not create individual liability for individuals in supervisory positions). Again,

6

Vinova presents no argument or caselaw to the contrary, and therefore effectively concedes that her Title VII and KRS 344 claims should be dismissed against the individual Defendants. *See Humphrey*, 279 F. App'x at 331. Accordingly, and because the Court finds that the law supports doing so, Vinova's claims under KRS Chapter 344 and Title VII will be dismissed against the individual Defendants.

**3**

Defendants also argue that Vinova's claims brought against the individual Defendants under Title IX should be dismissed because there is no individual liability for a Title IX claim. [R. 5-1 at 3-4.] Title IX states that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education ***program or activity receiving Federal financial assistance***[.]" 20 U.S.C. § 1681(a) (emphasis added). Defendants point out that because the individual Defendants are not programs or activities receiving federal funding, Title IX cannot be applied against them.

In response,[2] Vinova contends that the legal support Defendants offer for this contention is insufficient and asserts that "there is no law in this jurisdiction that supports the Defendants' request to dismiss a Title IX claim against the Defendants individually." [R. 10 at 2.] Contrary to Vinova's assertion, however, the United States Supreme Court has held that only the recipients of federal funding may be held liable under Title IX. *See Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 641 (1999) ("The Government's enforcement power may only be exercised against the funding recipient . . . and we have not extended damages liability under

---

[2] This argument is the only issue that Vinova addresses in her responsive brief. Additionally, the Court notes that Vinova's response brief fails to comply with Federal Rule 5(b) as she failed to serve a copy of her Response on Defendants or their counsel. Using the electronic filing system does not negate the necessity of actual service as required by the Federal Rules, and counsel for Vinova is hereby cautioned to abide by the Federal and Local Rules in all future filings with this Court.

7

Title IX to parties outside the scope of this power."). The Sixth Circuit has used the reasoning behind that holding to affirm the dismissal of Title IX claims against defendants in their individual capacities because the individuals were not the recipients of federal funding. *See, e.g., Soper v. Hoben*, 195 F.3d 845, 854 (6th Cir. 1999) (finding that based on the fact that Title IX claims may only be brought against the funding recipient the district court "correctly dismissed" the Title IX claim against the individual defendants).

Similarly, other courts within this circuit that have addressed this question have used both *Davis v. Monroe County Bd. of Educ*, 526 U.S. 629, and *Soper v. Hoben*, 195 F.3d 845, as well as other cases from circuits all around the country, to support dismissal of Title IX claims brought against individual defendants. *See, e.g., Condiff v. Hart County School Dist.*, 770 F.Supp.2d 876, 881 (W.D.Ky. 2011) (dismissing Title IX claim brought against superintendent in his individual capacity "because there is no individual liability for a Title IX claim" since such claims "may be brought only against the funding recipient") (citing *Davis,* 526 U.S. at 641; *Soper*, 195 F.3d at 845); *Davis v. Flexman*, 109 F. Supp. 2d 776, 792-93 (S.D. Ohio 1999) (noting the Sixth Circuit's "strong skepticism regarding the existence of individual liability" and explaining that other federal courts also "have agreed that individual liability does not exist under Title IX") (citation omitted) (collecting cases); *Campbell v. Dundee Cmty. Sch.*, 2015 WL 4040743, at *3 (E.D. Mich. July 1, 2015) (dismissing Title IX claims against individual defendants because "Title IX does not permit individual liability . . . as individuals are not recipients of federal funds"); *Moberly v. Univ. of Cincinnati Clermont Coll.*, 2010 WL 3489029, at *7 (S.D. Ohio Feb. 1, 2010) (explaining that both Title IX and Title VI claims brought against individual defendants "fail as a matter of law" because individual defendants are not recipients of

8

federal funding) (citing *Davis,* 526 U.S. at 641; *Soper*, 195 F.3d at 845), *aff'd*, 469 F. App'x 467 (6th Cir. 2012).

Although Vinova contends that the district court cases Defendants rely on are "not binding" on this Court [R. 10 at 2], Vinova does not address the Supreme Court or Sixth Circuit precedent cited above or the reasoning behind them, nor does she present the Court with any legal grounds or other reason that would persuade the Court to decide this issue differently than the other courts within this Circuit.[3]  Vinova presents no caselaw at all from any court where a Title IX claim against an individual defendant was allowed to stand.[4]  She also has presented no evidence that the individual Defendants in this case are recipients of federal funding, such that Title IX could be applied to them.  Without such evidence, the Court must dismiss her claims against the individual Defendants.

---

[3] Vinova urges the Court to disregard Defendants' citation to *Petrone v. Cleveland State Univ*., 993 F. Supp. 1119 (1998), arguing that Defendants improperly rely on dicta in that case to support their argument.  Vinova, however, ignores the fact that the reasoning in that case quoted by Defendants concludes with the following holding: "As the majority of the district courts and both circuit courts who have addressed this issue have recognized, the primary purpose of Title IX . . . was to prevent discrimination by grant recipients. Thus, only the Federal grant recipient may be sued for discrimination under Title IX."  *Id*. at 1125 (citation omitted).

[4] The Court notes that the sole case presented in Vinova's response brief as support for her argument not only fails to refute any of the law cited herein, but also does not logically support Vinova's position.  *See Doe v. Claiborne County, Tenn*., 103 F.3d 495 (6th Cir. 1996) (reiterating that Title VII agency principles should apply to Title IX cases and that only recipients of federal financial assistance can be sued under either statute).  In fact, the quotation from that case which Vinova relies upon not only lacks appropriate citation but is taken completely out of context.  Counsel for Vinova asserts that the Sixth Circuit "held that . . ." and then follows that phrase with what is apparently a direct quotation from that case.  [R. 10 at 2-3.]  In reality, however, the referenced quotation is from a Supreme Court opinion quoted by the Sixth Circuit as an illustration, and Vinova leaves out entire portions of the quotation so that it appears to support her assertion that the Court can infer individual liability from the purported "holding," which is not a holding at all.  Counsel for Vinova also ignores the context of the quotation, which discusses the application of Title VII agency principles to sexual harassment claims – an aspect that both the Complaint and response brief neglect to discuss – and which does not support Vinova's position or refute the Defendants' argument.  Although this could be construed as a misrepresentation to the Court, the Court is willing to overlook it as an error and will simply admonish Vinova's counsel to take greater care in the future to ensure the accuracy of the legal research presented to the Court and to properly cite the authorities relied upon.  Further carelessness in such matters will not be viewed favorably.

**4**

Finally, Defendants contend that New Castle Elementary School is not a legal entity that can be sued and therefore all of Vinova's claims against the school should be dismissed. [R. 5-1 at 5.] Vinova has not cited any provisions or law that designate the New Castle Elementary School as a legal body that is capable of being sued. In fact, Vinova does not contest this point at all or otherwise respond, and the Court assumes that she waives this argument as well. *See Humphrey*, 279 F. App'x. at 331. Nevertheless, the Court has still considered the law and finds that dismissal of the claims against the school is appropriate. Defendants assert, and the Court has not found otherwise, that the New Castle Elementary School is a building that is the property of the school board. *See* KRS § 162.010. The school board retains the title and control of school property, and therefore the school board rather than the school itself is the proper entity against which to bring suit. *See Board of Educ. of Jefferson Cnty. v. Board of Educ. of City of Louisville*, 206 S.W. 869 (1918); *see also Wortham v. Akron Public Schools*, 2008 WL 762530, *2 (N.D. Ohio, March 20, 2008) (analyzing an Ohio case that applied an Ohio statute similar to that of KRS § 161.010 to conclude that "The Cleveland Public Schools is not a legal entity which is capable of being sued," and then using the same reasoning to dismiss plaintiff's Title VII claims against "Akron Public Schools" because the board of education was the proper defendant).

**III**

To survive a motion to dismiss, the complaint "must contain either direct or inferential allegations" establishing each material element required for recovery under some actionable legal theory. *Bishop v. Lucent Technologies, Inc*., 520 F.3d 516, 519 (6th Cir. 2008) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005) (internal quotation marks omitted)). Here,

Vinova has not presented any law or facts establishing that the individual defendants are federal funding recipients or can otherwise be subjected to liability under the legal theories alleged in the Complaint. She also has not shown that the New Castle Elementary School is an entity capable of being sued. Additionally, Vinova's complete lack of opposition to most of the Defendants' arguments can be viewed as further grounds for dismissal. *See Wesley*, 913 F.Supp.2d at 330. Accordingly, Vinova's claims against the school and the individual Defendants must be dismissed, and it is hereby ORDERED as follows:

1. The Motion to Dismiss for Failure to State a Claim [**R. 5**] filed by Defendants Abrams, McClure, Davis, and New Castle Elementary School is **GRANTED**.

2. Vinova's claims against these Defendants are therefore dismissed and these Defendants are terminated from the case.

3. Vinova's claims against the Henry County Board of Education remain in place.

This 24th day of November, 2015.

Gregory F. Van Tatenhove
United States District Judge